IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| DECISION INSIGHTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 05-0335 |
| | ) | |
| JEFFREY QUILLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Defendant's Mesquita & Roundell, LLC ("M&R") Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and on Defendant Bruce Bueno de Mesquita ("Mesquita"), Harry Roundell ("Roundell"), and M&R's Motion to Dismiss for failure to state a claim upon which this Court can grant relief pursuant to Federal Rule of Civil Procedure 12(b)(6). This case concerns a dispute between the majority shareholders of Plaintiff Decision Insights, Inc. ("DII") and several former members of DII's Board of Directors. DII alleges that these former directors breached their fiduciary duties to DII by licensing DII's software to M&R, a company owned by Defendants Mesquita and Roundell, thereby impeding DII's ability to earn income and maintain itself as a viable entity.

The issues before the Court are: (1) whether M&R's obligations under the licensing agreement or its participation in the negotiation of the licensing agreement in California,

Massachusetts, and New York with DII in New York, constitute sufficient minimum contacts with Virginia to assert personal jurisdiction under the Virginia long-arm statute, VA. CODE ANN. § 8.01-328.1 (Michie 2004); (2) whether asserting personal jurisdiction on the basis of such contacts comports with the requirements of the Due Process Clause of the Fifth Amendment to the United States Constitution; and (3) whether, DII has stated claims for breach of fiduciary duty against Defendants for failure to disclose detailed information about the M&R license to the DII shareholders. The Court grants Defendant M&R's Motion to Dismiss for Lack of Personal Jurisdiction because M&R's negotiation of and obligations under the licensing agreement do not constitute sufficient minimum contacts with Virginia for this Court to assert personal jurisdiction. The Court also grants Defendants Mesquita, Roundell, and M&R's Motion to Dismiss the breach of fiduciary duty claim in Count II because Defendants owe no duty of disclosure to DII's shareholders about the software license and DII's shareholders are not a party to this case and their alleged injuries, if any, are not properly before the Court.[1]

[1] Defendants also filed a Motion to Dismiss Count IV Unjust Enrichment pursuant to Federal Rule of Civil Procedure 12(b)(6). However, the Court does not address this issue because Defendants subsequently withdrew this motion. *See* Defs.' Reply Mem. in Supp. of Mot. to Dismiss at 2 n.1.

## I. BACKGROUND

Plaintiff DII is a Virginia corporation with its principal place of business in Vienna, Virginia. Mot. for J. ¶ 1.[2] Plaintiff maintained its headquarters in New York until August 2003 when the majority shareholders took control of DII. *See* Plaintiff DII's Supplemental Br. In Opp'n at 6-7. Defendant Mesquita is a resident of California and a former member of the Board of Directors ("Board") of DII who owns 16.96 percent of DII's outstanding shares. Mot. for J. ¶ 2. Defendant Roundell is a resident of New York who formerly served as DII's president and as a member of its Board; he owns one-half of one percent of DII stock. *Id.* ¶ 3. Defendant M&R is a New York domestic limited liability company owned by Defendants Mesquita and Roundell, with its principal place of business in New York, New York. *Id.* at ¶ 4. Plaintiff DII alleges that Defendants Mesquita, Roundell, M&R, and other former directors of DII conspired to divest DII of its intellectual property rights and damage its financial structure by issuing improper dividends, negotiating a one-sided licensing agreement with M&R, and breaching their fiduciary duties to DII and its shareholders. *Id.* at ¶¶ 30-32, 35-40, 45-50, 52-61, 66-107, 116-126.

---

[2] DII initially filed this case in Fairfax County Circuit Court in Fairfax, Virginia as a Motion for Judgment. Defendants removed the case to this Court. As a result DII's Motion for Judgment serves as the complaint in this case. The Motion for Judgment is cited as Mot. for J. and referred to as DII's complaint.

On July 9, 2003, Defendants Mesquita and Roundell resigned from DII's Board to form Defendant M&R. *Id.* at ¶¶ 2,3. M&R was formed on July 9, 2003. *Id.* at ¶ 46. Defendant Roundell continued to serve as DII's president until his resignation on July 31, 2003. *Id.* at ¶ 59. On July 10, 2003, Defendant Mesquita signed a licensing agreement with DII on behalf of himself and Defendant M&R. *See* License Agreement at 8. DII alleges that Defendants Mesquita and Roundell unlawfully persuaded their co-conspirators, two of three members of DII's Board, to vote to approve a lifetime license for DII's intellectual property, and Defendant M&R would pay DII royalties. Mot. for J. ¶¶ 31-52; *see id.* at ¶ 48 (stating that Director Kraft dissented from the vote to approve the licensing agreement with M&R). DII alleges that Defendants Mesquita and Roundell also persuaded DII's Board to approve an unprecedented mid-year dividend of $130,000 to DII's detriment in order to provide startup capital for M&R. *Id.* at ¶ 52.

DII's majority shareholders arranged for a shareholders meeting on July 18, 2003 because they were concerned about the Board's actions. *Id.* at ¶ 29. At DII's request, facilitated through co-defendant Jeffrey Quillen ("Quillen"), who was acting as DII's counsel, Defendant M&R agreed to a standstill agreement under which DII and M&R would not use the intellectual property provided under the licensing agreement until after the shareholders meeting on July 18th. *Id.* at ¶¶ 42-43. Defendant

Roundell chaired the shareholders meeting in his capacity as president of DII. *Id.* at ¶ 54. DII alleges that during this meeting Defendant Roundell and other defendants refused to answer shareholder questions, provided misleading financial information, and concealed the names of DII's clients from its shareholders. *Id.* at ¶ 54-55. DII asserts that Defendants' actions caused serious financial damage to DII, as it has been unable to provide service to its clients. *Id.* at ¶ 62. DII filed this action alleging that Defendants conspired to breach their fiduciary duties of loyalty, disclosure, and care; received unjust enrichment at DII's expense; and breached the terms of the licensing agreement. *Id.* at ¶¶ 66-107, 115-126.

## II. DISCUSSION

### A. Standard of Review

*1. Motion to Dismiss under Rule 12(b)(2).*

Federal Rule of Civil Procedure 12(b)(2) permits the Court to dismiss a claim for lack of personal jurisdiction. See FED. R. CIV. P. 12(b)(2). Plaintiff bears the burden of proving "the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When the Court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of "a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Id.;*

*Atl. Asset Mgmt. Group, Inc. v. Csira*, 328 F. Supp. 2d 614, 617 (E.D. Va. 2004). In resolving this issue, a court must construe all relevant allegations in the light most favorable to the plaintiff and draw the most favorable inferences for the existence of jurisdiction. *See Combs*, 886 F.2d at 676.

Determining whether a person is subject to personal jurisdiction requires a two-step analysis under Virginia law. A court must conclude that: (1) jurisdiction is authorized by the state's long-arm statute, VA. CODE. ANN. § 8.01-328.1, and (2) the exercise of personal jurisdiction is consistent with the requirements of the Due Process Clause of the Fifth Amendment to the United States Constitution. *Mitrano v. Hawes*, 377 F.3d 402, 406 (4th Cir. 2004) (citations omitted). The Defendants must have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

*2. Motion to Dismiss under Rule 12(b)(6).*

A court should not grant a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond a doubt that a plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief. FED. R. CIV. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a

whole, and take the facts asserted therein as true. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Conclusory allegations regarding the legal effect of the facts alleged need not be accepted. *See Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response. *Conley*, 355 U.S. at 47.

**B. Analysis**

*1. Long Arm Statute*

The Court grants M&R's Motion to Dismiss because the exercise of personal jurisdiction is not appropriate under subsections (A)(1) through (A)(4) of the Virginia long-arm statute because M&R did not transact business, contract to supply "services or things," or cause a tortious injury in Virginia. The Virginia long-arm statute permits the exercise of personal jurisdiction over a person who transacts business; contracts to supply "services or things;" or, either directly or by an agent, causes "tortious injury by an act or omission in this Commonwealth." VA. CODE ANN. §§ 8.01-238.1(A)(1)-(3). The statute also permits personal jurisdiction over a person who causes "tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or

solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth." *Id.* § 8.01-238.1(A)(4). Even though the Court finds that the Virginia long-arm statute does not permit the exercise of personal jurisdiction over Defendant M&R, the Court will still consider whether the exercise of such jurisdiction would comply with the Due Process Clause of the Fifth Amendment to the United States Constitution.

Subsection (A)(1) of the Virginia long-arm statute does not permit the exercise of personal jurisdiction over Defendant M&R. Although DII broadly asserts that all defendants have transacted business in the Commonwealth, it does not allege any specific acts of Defendant M&R to support its assertion in the complaint. Mot. for J. ¶ 8; *see Combs*, 886 F.2d at 676 (observing that the plaintiff bears the burden of proving personal jurisdiction). In its Brief in Opposition and its Supplemental Brief in Opposition, DII alleges that M&R transacted business in Virginia when: (1) Defendant Quillen, DII's former counsel and an alleged co-conspirator communicated M&R's willingness to abide by the standstill agreement to DII's shareholders in Virginia, (2) Defendant Roundell appeared at the DII shareholders meeting in Virginia on July 18, 2003, and (3) M&R entered into the license agreement with DII. *See* Plaintiff DII's Br. in Opp'n at 13-16; Plaintiff DII's Supplemental Br. in Opp'n at 3-13.

The Court finds M&R's participation in the standstill agreement, through Defendant Quillen, insufficient to justify the exercise of personal jurisdiction under subsection (A)(1) of the Virginia long-arm statute for the following reasons. First, Defendant Quillen, not M&R nor either of its principals, informed DII's majority shareholders in Virginia about M&R's acceptance of the standstill agreement. Second, M&R agreed to the standstill agreement after negotiating with Defendant Quillen, who was acting as DII's counsel and only at the request of DII's majority shareholders. Third, the standstill agreement furthered DII's interests, hindered M&R's interests, and could hardly be characterized as an act in furtherance of the conspiracy. Thus, the Court does not find M&R's participation in the standstill agreement sufficient to justify the assertion of personal jurisdiction under subsection (A)(1) of the Virginia long-arm statute.

The Court finds Defendant Roundell's appearance at the DII shareholders meeting in Virginia on July 18, 2003 does not provide a sufficient basis to assert personal jurisdiction over Defendant M&R under subsection (A)(1) of the Virginia long-arm statute because Defendant Roundell attended the shareholders meeting in his capacity as president of DII. Plaintiff DII does not allege any facts that indicate Defendant Roundell attended the shareholders meeting as a representative of M&R. Additionally, Defendants contend that Defendant Roundell attended the shareholders meeting at the request of DII's board. *See*

Defendant's Reply Mem. at 5; Henry James Roundell Decl. at ¶ 11. Plaintiff suggests that Defendant Roundell acted for M&R's benefit at the shareholders meeting by preventing directors elected by the majority shareholders from taking their seats on DII's board. Even if true, this allegation is insufficient to show that M&R transacted business in the Commonwealth under subsection (A)(1) of the Virginia long-arm statute given Defendant Roundell's dual roles as a director of both DII and M&R.

The Court considers plaintiff's final argument that Defendant M&R transacted business in the Commonwealth based on the licensing agreement under both subsections (A)(1) and (A)(2) of the long-arm statute and finds that neither provision provides a sufficient basis for this Court to assert personal jurisdiction because M&R's obligations under the licensing agreement do not show the requisite minimum contacts with Virginia necessary for this Court to assert personal jurisdiction. Although a single act of a non-resident within the Commonwealth may qualify as "transacting business," a contract "between a resident and a non-resident defendant does not, by itself, provide sufficient minimum contacts for personal jurisdiction." *See Bay Tobacco, LLC v. Bell Quality Tobacco Products*, LLC, 261 F. Supp. 2d 483, 493 (E.D. Va 2003). Rather, when a court determines whether the consummation of a contract provides a sufficient basis for personal jurisdiction under subsections (A)(1) and (A)(2) of Virginia's long-arm statute, the court must consider: "(1) where

the contract was negotiated and executed, (2) who initiated the contact, (3) the extent of the communications, both telephonic and written, between the parties, and (4) where the obligations of the parties under the contract were to be performed." *Affinity Memory & Micro, Inc. v. K&O Enterps.*, 20 F. Supp. 2d 948, 952 (E.D. Va 1998).

Considering each of these factors, the Court does not find that M&R's consummation of, or its duties under, the licensing agreement with DII provides a sufficient basis for this Court to assert personal jurisdiction under subsections (A)(1) and (A)(2) of Virginia's long-arm statute because Plaintiff does not allege that any of these negotiations occurred in Virginia. Defendants assert that the licensing agreement was negotiated in New York, California, and Massachusetts, between Defendants Mesquita and Roundell on behalf of Defendant M&R and Defendant Quillen on behalf of DII. Def.'s Mot. to Dismiss at 6; Bueno de Mesquita Decl. ¶ 5. Plaintiff concedes that DII did not close its headquarters in New York and move its operations to Virginia until August 2003, almost a month after signing the licensing agreement. Plaintiff DII's Supplemental Br. In Opp'n at 6-7. Although Defendant Mesquita initiated negotiations with DII on behalf of M&R, he did so by contacting Defendant Quillen (DII's counsel) in Massachusetts when DII was headquartered in New York.

The Court does not find that M&R's obligations under the licensing agreement provide a sufficient basis for this Court to assert personal jurisdiction because M&R's general obligation to

remit payments to DII (without specifying where M&R must send these payments) does not constitute sufficient minimum contacts with Virginia. Plaintiff alleges that M&R had two obligations under the licensing agreement that were to be performed in Virginia: M&R had to remit royalties to DII under the licensing agreement and Defendant Mesquita had to provide to technical services to DII in Virginia. Under the licensing agreement, M&R had to send quarterly payments to DII along with a report detailing the basis for such payments. *See* License Agreement at ¶ 7(a). Although the license does not specify where these payments must be sent, M&R admits that it remitted such payments to DII in Vienna, Virginia. Nevertheless, the simple act of remitting payments, that are ancillary to a contract, to Virginia is insufficient to justify personal jurisdiction. *See Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448, 452 (4th Cir. 2000) (holding the remittance of monthly payments to a Virginia company insufficient to justify personal jurisdiction where the bulk of the contract performance occurred outside Virginia). As in *Diamond Healthcare*, the bulk of M&R's obligations under the contract occurred outside Virginia, and as such, the payments to Virginia are insufficient to justify the exercise of personal jurisdiction.

The Court does not find M&R's additional obligations under the licensing agreement sufficient to justify the exercise of personal jurisdiction because the agreement does not require M&R to perform any acts in Virginia. Plaintiff argues that M&R's

obligations under paragraphs 2(a), (b), and (d) of the licensing agreement are sufficient to form the basis for personal jurisdiction under subsections (A)(1) and (A)(2) of the Virginia long-arm statute. On the face of the agreement however, none of these sections requires M&R to perform any acts in Virginia. Paragraph 2(a) requires DII, not M&R, to install software at M&R's business premises in New York. License Agreement ¶ 2(a). Paragraph 2(b) requires DII to "offer Technical Support . . . services" to M&R. *Id.* at ¶ 2(b). Neither of these provisions requires M&R to act at all, let alone in Virginia. Paragraph 2(d) requires Defendant Mesquita to make himself available to provide services to DII's other licensees on behalf of DII. *Id.* at ¶ 2(d). The preamble of the license agreement specifies that Paragraph 2(d) reflects Defendant Mesquita's responsibilities in his individual capacity. *Id.* at 1. The agreement does not provide, and Plaintiff does not allege any facts that would form, a basis for M&R to act in Virginia pursuant to Paragraph 2(d). Thus, the terms of the license agreement do not form a sufficient basis for this Court to exercise personal jurisdiction under either subsection (A)(1) or (A)(2) of the Virginia long-arm statute.

Subsection (A)(3) of the Virginia long-arm statute does not permit the exercise of personal jurisdiction over Defendant M&R because DII does not sufficiently allege that M&R caused tortious injury in Virginia. To come within the scope of (A)(3), Plaintiff must show that one essential act of the alleged tort

occurred in Virginia. *Brown v. American Broadcasting Co., Inc.*, 704 F.2d 1296, 1300 (4th Cir. 1983). To support jurisdiction under (A)(3), Plaintiff DII alleges that M&R engaged in acts in Virginia that caused tortious injury by its participation in a conspiracy with Defendants Roundell and Quillen. See *Verizon v. Ralsky*, 203 F. Supp. 2d 601, 620 (E.D. Va 2002) (explaining that a co-conspirator is subject to jurisdiction in a forum where substantial acts in furtherance of the conspiracy were performed by any member of the conspiracy if the co-conspirator knew or should have known that the acts would be performed). For the reasons discussed above, Defendant Quillen's communication to DII's shareholders of M&R's acceptance of the standstill agreement was not an act in furtherance of the conspiracy and is consequently an insufficient basis to assert personal jurisdiction under (A)(3). Similarly, Plaintiff has not alleged any facts to show how Defendant Roundell's participation in DII's shareholders meeting, while serving as DII's president, furthered the alleged conspiracy.[3] The Court therefore finds that Plaintiff has failed to allege sufficient facts to support the

---

[3] In order to survive a motion to dismiss, Plaintiff must plead allegations of a conspiracy in more than "mere conclusory language." *Lewis v. Gupta*, 54 F. Supp. 2d 611, 618 (E.D. Va.1999) (citing *Bowman v. State Bank of Keysville*, 331 S.E.2d 797, 802 (Va. 1985)). *See also Verizon v. Ralsky*, 203 F. Supp. 601, 607-08 (E.D. Va. 2002) (upholding a motion to dismiss for lack of personal jurisdiction on the basis of a conspiracy claim after plaintiff conducted discovery and plead the specific acts of the defendants in furtherance of the alleged conspiracy).

exercise of personal jurisdiction under subsection (A)(3) of the Virginia long-arm statute.

Subsection (A)(4) of the Virginia long-arm statute does not permit the exercise of personal jurisdiction over Defendant M&R because M&R does not regularly conduct or solicit business in Virginia. Jurisdiction is only permissible under subsection (A)(4) if M&R "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth." VA. CODE. ANN. § 8.01-238.1(A)(4). Plaintiff does not allege any facts that would indicate that M&R regularly conducts business in Virginia. Thus, even if Plaintiff could show tortious injury by an act outside the Commonwealth, jurisdiction would not be appropriate under subsection (A)(4).

*2. Due Process*

The Court finds that the Due Process Clause does not permit the exercise of personal jurisdiction over M&R because M&R does not have the necessary minimum contacts with Virginia. Courts analyze the requirements of the Due Process Clause under a three-part test and must consider: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the state; and (3) whether the exercise of jurisdiction would be constitutionally reasonable." *New Wellington Financial Corp. v. Flagship Resort Development Corp.*, 416 F.3d 290, 295 (4th Cir.

2005). Because the Virginia long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause, "the two inquiries essentially become one." *Stover v. O'Connell Assocs. Inc.*, 84 F.3d 132, 135-36 (4th Cir. 1996). As a result, personal jurisdiction is inappropriate in this case under the Due Process Clause because M&R did not conduct business, negotiate the licensing agreement, or have any obligations under the licensing agreement. Furthermore, M&R did not commit tortious acts or engage in any other conduct in Virginia that could amount to minimum contacts.

Defendant M&R did not purposefully avail itself of the privilege of conducting activities in Virginia. First, none of the acts that DII can connect to M&R through the alleged conspiracy occurred in Virginia. Second, M&R negotiated the licensing agreement when DII was headquartered in New York, not in Virginia. Third, the negotiations surrounding the licensing agreement took place in New York, California, and Massachusetts, not in Virginia. Fourth, none of M&R's obligations under the licensing agreement require performance in Virginia. Fifth, M&R specifically included a "choice of law" provision in the agreement, which requires any disputes to be governed by New York, not Virginia law. Considering that M&R's contacts with Virginia are "random, fortuitous, [and] attenuated," at best, M&R could not reasonably expect to be haled into a Virginia court to answer allegations resulting from its relationship with DII. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478-79 (1985)

(internal citations omitted). Thus, the Due Process Clause of the Fifth Amendment to the United States Constitution does not permit the exercise of personal jurisdiction over Defendant M&R.

*3. Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6).*

The Court finds that Plaintiff failed to state a claim with respect to Count II because the shareholders are not a party to this case and their alleged injuries, if any, are not properly before the Court. In Count II, DII alleges that the Defendants breached their duty of disclosure by making misleading statements and material omissions to the shareholders. *See* Mot. for J. ¶¶ 73-79. The shareholders, however, are not plaintiffs in this case and any injuries they may have suffered as a result of the Defendants' actions are not properly before the Court. *See Byelick v. Vivadelli*, 79 F. Supp. 2d 610, 625 (E.D. Va. 1999) (noting that individual shareholders can bring suit against corporate directors for injuries personally suffered). Thus, if there is any duty to disclose, it would run to DII through its board of directors. *Cf. Musselman v. Willoughby Corp.*, 337 S.E.2d 724, 729 (Va. 1985) (explaining that a corporate attorney had a duty to disclose relevant and material facts to the corporation's board of directors). Plaintiff does not allege that Defendants failed to disclose any information to the Board, only that they failed to disclose to DII's shareholders. In fact, DII, acting through its Board and counsel, Defendant Quillen, knew and approved of the circumstances surrounding the

negotiation of the licensing agreement, and no duty of disclosure arose in this case. Thus, the Court dismisses Count II.

**III. CONCLUSION**

For the reasons stated above, the Court grants Defendant's M&R Motion to Dismiss for Lack of Personal Jurisdiction and grants Defendants' Mesquita, Roundell, and M&R Motion to Dismiss for Failure to State a Claim with respect to Count II.

It is hereby

ORDERED that Defendant's M&R Motion to Dismiss for Lack of Personal Jurisdiction is granted. It is further

ORDERED that Defendants' Mesquita, Roundell, and M&R Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted with respect to Count II is granted.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this __21st__ day of October, 2005.

__________/s/_______________
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
10/21/05