IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
DECISION INSIGHTS, INC.      )
                             )
        Plaintiff,           )
v.                           )    CIVIL ACTION NO. 05-0335
                             )
JEFFREY QUILLEN, et al.,     )
                             )
        Defendants.          )
```

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Counterclaim-Defendants David Ungerer, Gary Slack, and Sean Yanosh's (collectively "Individual Directors") Motion to Dismiss Defendants' Counterclaims for failure to state a claim upon which this Court can grant relief pursuant to Federal Rule of Civil Procedure 12(b)(6).  This case concerns a dispute between the majority shareholders of Decisions Insights, Inc. ("DII") and several former members of DII's Board of Directors.  DII alleges that these former directors breached their fiduciary duties to DII by licensing DII's software to M&R, a company owned by Defendants Mesquita and Roundell, thereby impeding DII's ability to make a profit and maintain itself as a viable entity.  Defendants Bruce Bueno de Mesquita and Harry Roundell's counterclaim that DII has a duty to indemnify them against all expenses reasonably incurred in connection with this lawsuit.  Additionally, Defendants Mesquita and Roundell, as shareholders of DII, filed a

counterclaim against the Individual Directors for breach of fiduciary duty.

The issues before the Court are whether Defendants Mesquita and Roundell have sufficiently alleged a claim for indemnification under DII's by-laws and the Virginia Stock Corporation Act, VA. CODE ANN. §§ 13.1-687, 13.1-698 (Michie 2004), and whether Defendants have sufficiently stated a claim for breach of fiduciary duty against DII's current directors. The Court denies the Individual Directors' Motion to Dismiss because DII does not challenge the Indemnification Counterclaim, the Individual Directors are not a party to that Counterclaim, and because Virginia law permits a minority shareholder to sue directors in their individual capacity for injuries he personally suffered.

## I. BACKGROUND

Plaintiff DII, is a Virginia corporation with its principal place of business in Vienna, Virginia. Mot. for J. ¶ 1.[1] Plaintiff maintained its headquarters in New York until August 2003 when the majority shareholders took control of DII. *See* Plaintiff DII's Supplemental Br. In Opp'n at 6-7. Defendant Mesquita is a resident of California and a former member of the

---

[1] DII initially filed this case in Fairfax County Circuit Court in Fairfax, Virginia as a Motion for Judgment. Defendants removed the case to this Court. As a result DII's Motion for Judgment serves as the complaint in this case. The Motion for Judgment is cited as Mot. for J. and referred to as DII's complaint.

Board of Directors ("Board") of DII who owns 16.96 percent of DII's outstanding shares.  Mot. for J. ¶ 2.  Defendant Roundell is a resident of New York who formerly served as DII's president and as a member of its Board; he owns one-half of one percent of DII stock.  *Id.* ¶ 3.  Counterclaim-Defendants Ungerer, Slack, and Yanosh are all residents of Virginia, were DII's majority shareholders, and are current members of DII's Board.  Def.'s Answer and Countercl. ¶¶ 131-33.

Plaintiff DII alleges that Defendants Mesquita, Roundell, and other former directors of DII conspired to divest DII of its intellectual property rights and damage its financial structure by issuing improper dividends, negotiating a one-sided licensing agreement, and breaching their fiduciary duties to DII and its shareholders.  *Id.* at ¶¶ 30-32, 35-40, 45-50, 52-61, 66-107, 116-126.  Defendants Mesquita and Roundell counterclaim that DII has a duty to indemnify them against all expenses reasonably incurred in connection with this lawsuit.  Def.'s Answer and Countercl. ¶¶ 135-39.  Additionally, Defendants Mesquita and Roundell, as shareholders of DII, filed a counterclaim against Counterclaim Defendants Ungerer, Slack, and Yanosh for breach of fiduciary duty.  Def.'s Answer and Countercl. ¶¶ 140-45.

## II.  DISCUSSION

### A.  Standard of Review

A court should not grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond

a doubt that a plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief. FED. R. CIV. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Conclusory allegations regarding the legal effect of the facts alleged need not be accepted. *See Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response. *Conley*, 355 U.S. at 47.

**B. Analysis**

*1. Indemnification*

The Court denies the Individual Directors' Motion to Dismiss Defendants Mesquita and Roundell's Counterclaim for indemnification because the Individual Directors are not a party to Defendants' indemnification Counterclaim and DII does not challenge the indemnification Counterclaim. In Counterclaim I, Defendants contend that they are entitled to indemnification from DII, not the Individual Directors, for any expenses reasonably incurred in connection with a lawsuit that arose out of, or

4

directly relate to, their conduct as directors or officers of DII. *See* Def.'s Answer and Countercl. ¶¶ 135-139. Plaintiff DII does not challenge Defendants' indemnification Counterclaim and the Individual Directors admit that the indemnification Counterclaim is properly alleged against DII. *See* Br. in Support of Individual Directors Mot. To Dismiss Countercls. at 1. The Court denies the Individual Director's Motion to Dismiss Counterclaim I because the Individual Directors are not a party to Counterclaim I and DII does not challenge the pleading itself.

*2. Breach of Fiduciary Duty*

The Court denies the Individual Directors' Motion to Dismiss Counterclaim II because Defendants Mesquita and Roundell sufficiently allege a claim for breach of fiduciary duty. Defendants Mesquita and Roundell allege that the Individual Directors breached their fiduciary duties by failing to distribute 50% of DII's annual net profit as required by a resolution passed by DII's Board on December 3, 1996. *See* Def.'s Answer and Countercl. ¶¶ 141-43. The Individual Directors contend that a shareholder cannot bring a claim directly against a director. The Individual Directors misstate the law on this issue. An individual shareholder cannot bring a claim directly against a director for breaching a duty owed to the *corporation*, but an individual shareholder can bring an action against a corporate director for injuries *he personally suffered*. *See Byelick v. Vivadelli*, 79 F. Supp. 2d 610, 625 (E.D. Va. 1999)

(noting that individual shareholders can bring suit against corporate directors for injuries personally suffered); *Simmons v. Miller*, 544 S.E.2d 666, 674 (Va. 2001)("A shareholder ordinarily cannot, as an individual as distinguished from a representative of the corporation, sue directors or other corporate officers for mismanagement, negligence or the like, on a cause of action which belongs to the corporation."). Defendants' allege that the acts or omissions of the Individual Directors caused them personal injury because they had to absorb their portion of DII's tax liabilities without the annual disbursement designed to defray such costs. *See* Def.'s Answer and Countercl. ¶¶ 143-45. As a result, Defendants have properly stated a claim against the Individual Directors under Virginia law and the Court Denies the Individual Directors Motion to Dismiss with respect to Counterclaim II.

**III.   CONCLUSION**

For the foregoing reasons, the Court denies the Individual Directors' Motion to Dismiss Defendants Counterclaims for Indemnification and breach of Fiduciary duty pursuant to Federal Rule of Civil Procedure 12(b)(6) because DII does not challenge the identification Counterclaim, the Individual Directors are not a party to that Counterclaim, and because Virginia law permits a minority shareholder to sue individual directors for injuries he personally suffered.
It is hereby

ORDERED that the Individual Directors' Motion to Dismiss Defendants' Counterclaims for Indemnification and for Breach of Fiduciary Duty pursuant to Rule 12(b)(6) is DENIED.


The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this __21st____ day of October, 2005.


_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
10/21/05

7